53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Randy Charles SCHMIDT, Petitioner-Appellant,
v.
Willie SCOTT, Warden, Respondent-Appellee.
 No. 94-3383.
 United States Court of Appeals, Tenth Circuit.
 May 5, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Schmidt appeals the denial of his petition for writ of habeas corpus. Mr. Schmidt sought review of the United States Parole Commission's decision not to reopen his case so as to consider the conjunctive impact of a U.S.P.C. rule change and of new information not presented at his original parole hearing. The district court concluded that the U.S.P.C. had not abused its discretion and denied relief. We affirm for substantially the reasons relied upon by the district court.
 
 
 3
 Mr. Schmidt was convicted both of possession of cocaine with intent to distribute and conspiracy to distribute cocaine or possess cocaine with intent to distribute. See United States v. Schmidt, 922 F.2d 1365 (8th Cir.1991) (affirming Mr. Schmidt's conviction). In calculating Mr. Schmidt's parole date, the U.S.P.C. attributed to Mr. Schmidt all of the cocaine possessed or distributed by the conspiracy--an amount greatly exceeding that personally handled or controlled by Mr. Schmidt. Mr. Schmidt did not appeal this decision by the U.S.P.C.; however, after the U.S.P.C. modified its rules governing the attribution of conduct performed in furtherance of a conspiracy, Mr. Schmidt petitioned the U.S.P.C. to reopen his case. This request was denied, and Mr. Schmidt initiated this action. We review the actions of the U.S.P.C. for abuse of discretion, see Turner v. United States Parole Comm'n, 934 F.2d 254, 256 (10th Cir.), cert. denied, 502 U.S. 885 (1991), and affirm if those actions find rational support in the record and are not otherwise arbitrary or capricious, see Lewis v. Beeler, 949 F.2d 325, 332 (10th Cir.1991), cert. denied, 112 S.Ct. 1972 (1992).
 
 
 4
 We agree with the district court that the modification adopted by the U.S.P.C. did not so alter the parole framework as to render the U.S.P.C.'s refusal to reopen the case irrational, arbitrary, or capricious. The new language makes explicit the U.S.P.C.'s practice of attributing to a conspirator all activities "committed in furtherance of the conspiracy and subsequent to the date the prisoner joined the conspiracy." 57 Fed.Reg. 21,209-10 (May 19, 1992). We concur with the district court that nothing in the new language favors Mr. Schmidt: he was convicted of conspiracy; the U.S.P.C. based his sentence on all of the drugs associated with the conspiracy; and the new rule approves of this result.
 
 
 5
 To the extent that Mr. Schmidt challenges the substantive basis of the U.S.P.C.'s decision, his appeal likewise fails. The traditional rule holds a defendant liable for all of the reasonably foreseeable acts of co-conspirators taken in furtherance of the conspiracy. Pinkerton v. United States, 328 U.S. 640, 646-47 (1946); United States v. Brewer, 983 F.2d 181, 185 (10th Cir.), cert. denied, 113 S.Ct. 2348 (1993). Mr. Schmidt was convicted of conspiracy to distribute or possess cocaine. The amount of cocaine attributed to the conspiracy as a whole finds support in the record; there is likewise sufficient evidence to conclude that it was reasonably foreseeable that the conspiracy would distribute that quantity of drugs. We therefore cannot hold the U.S.P.C.'s decision to be an abuse of discretion.
 
 
 6
 The decision of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470